```
          UNITED STATES DISTRICT COURT
          NORTHERN DISTRICT OF ILLINOIS
                 EASTERN DIVISION


ANTHONY STREZO,                        )
                                       )
        Vs.                            )   No.
                                       )
LIBERTY LIFE ASSURANCE COMPANY         )
OF BOSTON,                             )
                                       )
                                       )
              Defendant.               )
```

COMPLAINT

Now comes the Plaintiff, ANTHONY STREZO, by his attorney, ROGER S. HUTCHISON, and complaining against the defendant, states:

1. Jurisdiction of the court is based upon the Employee Retirement Income Security Act of 1974 (ERISA); and in particular, 29 U.S.C. Sect. 1132(e)(1) and 1132(f). Those provisions give the district courts jurisdiction to hear civil actions brought to recover benefits due under the terms of an employee welfare benefit plan which, in this case, consists of a group long-term disability insurance plan administered by LIBERTY Life Assurance Company of Boston ("LIBERTY") for the benefit of employees, including the Plaintiff, of Ecolab, Inc.

2. The ERISA statute provides, at 29 U.C.C. Sect. 1133, a mechanism for administrative or internal appeal of benefit denials.

3. Plaintiff has exhausted all of his pre-suit appeals. Venue is proper in the Northern District of Illinois 29 U.S.C. Sect. 1132(e)(2), 28 U.S.C. Sect. 1391.

## Nature of Action

4. This is a claim seeking recovery of disability income benefits pursuant due under an employee benefits plan, which provided long term disability benefits under policy number GF3-840-443918-01. ("the Policy")(a true and accurate copy of the policy is attached hereto as Exhibit "A")  This action is brought pursuant to Sect. 502(a)(1)(B)of ERISA (29 U.S.C. Sect. 1132 (a)(1)(B).  Plaintiff also seeks attorney's fees pursuant to 29 U.S.C. Sect. 1132(g) and ERISA Sect. 502(g).

## The Parties

5. ANTHONY STREZO, age 64 (born in 1956), is a resident of the City of Midlothian, Illinois, and many of the events, transactions and occurrences relevant to Plaintiff's claim of disability took place within the State of Illinois, during Plaintiff's employment Ecolab, Inc., in the City of Naperville, Illinois.

6. At all times relevant hereto, the Policy constituted

an "employee welfare benefit plan" as defined by 29 U.S.C. Sect. 1002(1). Incident to his status as an employee of Ecolab, Inc., Plaintiff received coverage under the Policy as the "Insured" as defined by Sect. 1002(7). This claim relates to benefits under the foregoing LTD Policy.

7. At all times relevant hereto, the LTD policy constituted an "employee welfare benefit plan" as defined by 29 U.S.C. Sect. 1002(1); and incident to his employment, ANTHONY STREZO received coverage under the Policy as a "participant" as defined by 29 U.S.C. Sect. 1002(7).

**Statement of Facts**

8. ANTHONY STREZO was actively and successfully employed by Ecolab, Inc. as a Container Loader - Warehouse, until November 28, 2016, when he had to cease working due to Degenerative Joint Disease of the Right Hip and Degenerative Disc Disease of the Lumbar Spine.

9. ANTHONY STREZO has not engaged in any substantial gainful activity since November 28, 2016.

10. ANTHONY STREZO initially filed a claim for short term disability benefits, was found to be disabled and was paid short term disability benefits through May 28, 2017, at which point he had satisfied the 180 day elimination period under the LTD Policy.

11. While receiving short term disability benefits,

ANTHONY STREZO filed an application for long term disability benefits under the LTD Policy, alleging that his disabling medical conditions rendered him unable to work, and citing to medical treatment that evidenced his disability.

    12. Upon evaluation of the claim, LIBERTY found ANTHONY STREZO to be disabled and paid Long Term Disability benefits beginning May 29, 2017.

    13. On January 28, 2020, after subsequent further evaluation, LIBERTY found that ANTHONY STREZO's disability did not satisfy the "Any Occupation" standard which was applicable at that time, and notified him that benefits would not be paid beyond January 22, 2020.

    14. After receiving LIBERTY's denial of long term disability benefits, ANTHONY STREZO filed a detailed appeal of the benefits denial which contained substantial medical and other evidence that supported ANTHONY STREZO's claim that his medical problems met the definition of disability under the policy as of January 22, 2020 and continuing.

    15. Without cause or reasonable justification, LIBERTY subsequently issued a second denial of Benefits on November 3, 2020, reiterating the position that the evidence did not support disability as of January 22, 2020.

    16. LIBERTY's actions have now foreclosed all avenues of administrative appeal and this matter is ripe for judicial review.

17. ANTHONY STREZO is entitled to long-term disability benefits from January 22, 2020 to the present and on an ongoing basis at $ 953.96 per month, after the deduction of ANTHONY STREZO's Social Security Disability Insurance benefit pursuant to the Policy, plus interest on all overdue payments at the rate of 9% in accordance with 215 ILCS 5/357.9 or 357.9a, and continuing benefits.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

A. That the court enter judgment in Plaintiff's favor and against the Defendant for Plaintiff's past-due long term disability income benefits under the Policy;

B. That the court order the defendants to pay Plaintiff prejudgment interest on all benefits that have accrued prior to the date of judgment at a rate of 9% in accordance with 215 ILCS 5/357.9;

C. That the court award attorneys' fees pursuant to 29 U.S.C. Sect. 1132(g); and

D. That Plaintiff recover all costs of suit.

Respectfully submitted,

/s/ *Roger S. Hutchison*
Attorney for Plaintiff

Roger S. Hutchison
Hutchison Law
16860 South Oak Park Avenue
Suite 101
Tinley Park, Illinois 60477
708-532-7777

5